IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SOUTHERN WINE AND SPIRITS                                               PLAINTIFF
OF NEVADA, A DIVISION OF
SOUTHERN WINE AND SPIRITS
OF AMERICA, INC.,

VS.                             CASE NO. 4:07-CV-4104

MOUNTAIN VALLEY SPRING
COMPANY, LLC                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss, or, in the Alternative, Motion for More Definite

Statement, filed on behalf of Defendant Mountain Valley Spring Company, LLC ("Mountain

Valley"). (Doc. 7). Plaintiff Southern Wine and Spirits of Nevada, a division of Southern Wine and

Spirits of America, Inc., ("Southern") has responded in opposition. (Doc. 12). Mountain Valley filed

a reply to Southern's response. (Doc. 13). Southern filed a surreply to Mountain Valley's reply.

(Doc. 14). The matter is ripe for consideration.

## I. BACKGROUND

The matter before the Court involves a dispute arising out of a Distributor Agreement (*see*

Doc. 1-2, the "Agreement") entered into by Southern and Mountain Valley in March of 1993.

Southern, a Florida corporation, is a leading private distributor of wine and spirits in the United

States and in the State of Nevada. Mountain Valley, an Arkansas corporation, entered into the

Agreement with Southern to facilitate the distribution of its drinking water products in the State of

Nevada. Under the terms of the Agreement, Southern agreed to sell, distribute and promote

Mountain Valley drinking water in a seventeen (17) county region in Nevada, which included Las

Vegas. The Agreement gave Southern the exclusive right to sell, distribute and promote Mountain

Valley drinking water in this region. The Agreement contained an "evergreen clause," which provided that the Agreement was to remain in force until terminated by mutual consent or by default. The parties performed under the Agreement for fourteen (14) years, until 2007, at which time Mountain Valley transferred distributorship rights to an Anheuser-Busch distributor.  In response, Southern brings this suit for damages, which is now before the Court on Mountain Valley's motion to dismiss or, in the alternative, for a more definite statement.

## II. APPLICABLE LAW

In reviewing Mountain Valley's Motion to Dismiss, the Court assumes as true all factual allegations of the complaint. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir. 2001).  "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir. 2002).  The complaint must "provide a defendant with some indication of the loss and the causal connection that a plaintiff has in mind." *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).  This Court does not dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) except in the "unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002).

Regarding the motion for more definite statement, Federal Rule of Civil Procedure 12(e) provides, in relevant part: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P.

12(e).  A motion for more definite statement is properly granted only where a "major ambiguity or

omission in the complaint" renders it "unanswerable."  *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D.

Mich. 1988).  Motions for more definite statements are disfavored, due to the notice pleading

standards of the Federal Rules of Civil Procedure and the availability of liberal and extensive

discovery.  *See, e.g.*, *Weiszmann v. Kirkland and Ellis*, 732 F.Supp. 1540, 1549 (D. Colo. 1990).

Importantly, motions for more definite statement are not to be used as a substitute for discovery.

*Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003).  Rule 12(e) is designed to strike at

unintelligible pleadings, not those merely lacking detail.  *Id*.  Mindful of the applicable legal

standards, the Court now turns to the substance of Mountain Valley's motion.

### III. DISCUSSION

For its first ground for dismissal, Mountain Valley argues that the Agreement precludes

Southern's claim for damages.  As a result, Mountain Valley argues, Southern's complaint fails to

state a claim upon which relief can be granted, and the same should be dismissed under Fed. R. Civ.

P. 12(b)(6).  Specifically, Mountain Valley argues that Section 8.5 of the Agreement precludes

Southern's claim for damages, resulting in a failure to plead the necessary elements for breach of

contract under Nevada law. Section 8.5 of the Agreement provides that Mountain Valley "shall not

be liable for termination compensation whatsoever based on goodwill established or investments

made by [Southern] or otherwise." (Doc. 1-2, pg. 13).  In response, Southern highlights the

significance of Sections 2.2 and 2.3 of the Agreement, (Doc. 1-2, pgs. 2-3) which set forth the

methods of terminating the Agreement, including by written mutual consent or by default, which is

defined in later sections.

The parties agree that performance of the Agreement is controlled by and construed under

the laws of Nevada.  Nevada law cautions the Court to refrain from constructions rendering contractual provisions meaningless.  *Phillips v. Mercer*, 94 Nev. 279, 282, 579 P.2d 174 (1978).  Indeed, in Nevada, as in Arkansas, courts are to harmonize contractual provisions whenever possible.  *Royal Indem. Co. v. Special Serv.*, 82 Nev. 148, 151 413 P.2d 500 (1966); *RAD-Razorback Ltd. Partnership v. B.G. Coney Co.*, 289 Ark. 550, 556, 713 S.W.2d 462 (1986).  Under Mountain Valley's argument, Section 8.5 of the Agreement obviates and renders meaningless Sections 2.2 and 2.3 of the Agreement.  As a result, Mountain Valley's construction is at odds with the law of Nevada.  *See Royal Indem. Co. v. Special Serv.*, 82 Nev. at 151.  Instead, taking the allegations of the Complaint as true, as the Court must at this stage of the proceedings, the Court agrees with Southern that Section 8.5 of the Agreement was not triggered in the 2007 separation between Southern and Mountain Valley.  Accordingly, the Court is satisfied that, at this stage of the proceedings, that Southern's Complaint should not be dismissed for failure to properly plead damages.

For its second ground for dismissal, Mountain Valley argues that Southern cannot assert a claim for unjust enrichment, having also pled a claim arising out of a written agreement.  While it is true that Southern could not *recover* for both breach of contract and unjust enrichment, the Federal Rules allow a pleader to set forth alternative and inconsistent causes of action. Fed. R. Civ. P. 8(d)(2)-(3).  Rule 8(d)(2) provides:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

More directly on point, Rule 8(d)(3) provides that "a party may state as many separate claims or defenses as it has, *regardless of consistency*." Fed. R. Civ. P. 8(d)(3)(emphasis added).  Indeed, the

liberal policy reflected in Rule 8(d)(2) instructs courts not to construe a pleading " 'as an admission against another alternative or inconsistent pleading in the same case.' " *McCalden v. Cal. Library Ass'n,* 955 F.2d 1214, 1219 (9th Cir. 1990)(quoting *Molsbergen v. United States,* 757 F.2d 1016, 1019 (9th Cir. 1985)); *see also In re Wal-Mart Wage and Hour Employment Practices Litigation*, 490 F.Supp.2d 1091, 1117 (D. Nev. 2007); *George v. Morton*, 2007 WL 680787, *7 (D. Nev. 2007). Thus, although a plaintiff may not recover on both theories, "a plaintiff may claim ... remedies as alternatives, leaving the ultimate election for the court." *E.H. Boly & Son, Inc. v. Schneider,* 525 F.2d 20, 23 n. 3 (9th Cir. 1975); *see also Hubbard Bus. Plaza v. Lincoln Liberty Life Ins. Co.,* 596 F.Supp. 344, 347 (D. Nev. 1984) (holding that a "claimant is entitled to introduce his evidence in support of all his claims for relief; if he doesn't make an election among them, the trier of fact decides which, if any, to sustain."). The result is that Southern's claim for unjust enrichment is not, at this stage in the proceedings, subject to dismissal due to the presence of an express agreement between the parties.

Mountain Valley also moves to dismiss Southern's cause of action for breach of the implied covenant of good faith and fair dealing for failure to state a claim. According to Mountain Valley's argument, Southern's cause of action for breach of the implied covenant of good faith and fair dealing is "more properly viewed as a claim for breach of contract because it can be based only on [Mountain Valley's] alleged violations of express terms of the contract..." (Doc. 7, pg. 2). However, under Nevada law, "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232, 808 P.2d 919, 922-23 (1991). In support of this cause of

action, Southern has set forth facts which, taken as true, as they must be at this stage of the proceedings, tend to show a contravention of the spirit of the agreement between the parties. Accordingly, Mountain Valley's motion to dismiss Southern's cause of action for breach of the implied covenant of good faith and fair dealing fails.

Finally, Mountain Valley moves to dismiss Southern's fraud claim based upon an alleged failure to plead the same with particularity. In addition, Mountain Valley alleges that the economic loss doctrine bars Southern's claim for economic damages associated with its fraud claim. In advancing a claim for fraud, a plaintiff must specifically allege the "circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982), *adhered to on reh'g*, 710 F.2d 1361 (en banc), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). However, the Court must interpret the requirements of Rule 9(b) in harmony with the general principles of notice pleading. *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988)("Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony."); *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir. 1984)(application of Rule 9(b) must "take account of the general simplicity and flexibility contemplated by the Rules").

In the case at bar, Southern's Complaint sets forth the circumstances surrounding the fraudulent activity, the time during which the fraud occurred and the party alleged to have committed the fraud. (Doc. 1, ¶ 28-35). The Court is satisfied that Southern has satisfied Rule 9(b)'s pleading with particularity requirement, *see Ables v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir.

2001)(stating that the particularized pleading standards of fraud require nothing more than a higher degree of notice); *see also Robertson v. White*, 633 F.Supp. 954, 968 (W.D. Ark. 1986)(finding fraud sufficiently pled with particularity where the Court believes it would be able to identify the issues and prepare an answer and defense) and declines Mountain Valley's invitation to order a more definite statement from Southern.  Additionally, the Court is satisfied that, due to the special relationship between the parties, *see Ins. Co. Of the West v. Gibson Title Co.*, 122 Nev. 455, 134 P.3d 698, 702 (2006) Southern's fraud claim is not barred by the economic loss doctrine. *See Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007).  The result is that Mountain Valley's motion to dismiss Southern's fraud claim fails.

## IV. CONCLUSION

For reasons stated herein and above, Mountain Valley's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of May, 2008.

                          /s/ Harry F. Barnes
                    Hon. Harry F. Barnes
                    United States District Judge