```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

SOUTHERN WINE AND SPIRITS
OF NEVADA, A Division of
Southern Wine and Spirits
of America, Inc.                                     PLAINTIFF

VS.                       CASE NO. 08-6100

MOUNTAIN VALLEY SPRING
CO., LLC                                             DEFENDANT

## ORDER

Now on this 15th day of December, 2008, comes on to be considered plaintiff's **Motion to Reconsider Order Granting Defendant's Motion to Transfer Venue (Doc. 26)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. On November 10, 2008, the Court[1] entered an order in which it granted the defendant's Motion to Transfer Venue (Doc. 17) and transferred this case from the Texarkana Division to the Hot Springs Division of the United States District Court for the Western District of Arkansas. (Doc. 24.)

2. On November 25, 2008, plaintiff filed the current motion to reconsider, asserting that the Court "fail[ed] to follow its own precedent of giving great weight to the plaintiff's choice of forum

---

[1] The order was entered by the Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas. Following entry of this order, the case was reassigned to the undersigned.

and permit[ted] Defendant to rewrite the forum selection clause." (Doc. 26 at pg. 1.)

3.  The Federal Rules of Civil Procedure do not mention motions for reconsideration.  The Eighth Circuit has held that such motions are considered "'nothing more than Rule 60(b) motions when directed at non-final orders'" such as the one at issue.  Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (quoting Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir. 2003)).

4.  Rule 60(b) authorizes a court to grant relief from an order for reasons such as mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence.  See Fed. R. Civ. P. 60(b)(1)-(2).  None of these circumstances are asserted here.  Further, the Court fully considered the factors relevant to the transfer of venue, including the parties' forum-selection clause, and the plaintiff's arguments that the Court erred in its analysis of these factors is not convincing.

5.  Based on the foregoing, plaintiff's **Motion to Reconsider (Doc. 26)** is **DENIED**.

   IT IS SO ORDERED.

                                        /S/JIMM LARRY HENDREN
                                        JIMM LARRY HENDREN
                                        UNITED STATES DISTRICT JUDGE