UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| SOUTHERN WINE AND SPIRITS OF NEVADA, A DIVISION OF SOUTHERN WINE AND SPIRITS OF AMERICA, INC., <br> PLAINTIFF <br><br> vs. <br><br> MOUNTAIN VALLEY SPRING COMPANY, LLC <br> DEFENDANT | § § § § § § § § § § § § § CIVIL ACTION NO. 08-6100 |

## JUDGMENT

On October 19, 2009, the captioned case came on for trial. The parties appeared personally and by and through their respective attorneys. A jury of twelve was selected, empanelled, and sworn according to the law to try the issues of fact in this case. The jury heard opening statements, testimony of witnesses, and closing arguments; was presented documentary evidence; and was instructed according to the law. The jury then retired to deliberate and on October 23, 2009, returned its Verdict in open court as follows:

**INTERROGATORY 1:** On Southern Wine's claim that Mountain Valley breached the contract, as set forth in Instruction No. 12, we the jury find in favor of:

**ANSWER:** Southern Wine.

**INTERROGATORY 2:** On Southern Wine's claim that Mountain Valley breached the implied covenant of good faith and fair dealing, as set forth in Instruction No. 15, we the jury find in favor of:

**ANSWER:** Southern Wine.

**INTERROGATORY 3:** Please state the amount that you find from the preponderance of the evidence should be awarded to Southern Wine to reasonably and fairly compensate it for the damages which you find were proximately cased by the fault of Mountain Valley.

**ANSWER:** $818,942.00.

**INTERROGATORY 4:** On Southern Wine's claim that Mountain Valley failed to pay on an account stated, as set forth in Instruction No. 16, we the jury find in favor of:

**ANSWER:** Southern Wine.

**INTERROGATORY 5:** Please state the amount that you find from the preponderance of the evidence should be awarded to Southern Wine for its claim that Mountain Valley failed to pay on an account stated.

**ANSWER:** $42,333.35.

**INTERROGATORY 6:** On Mountain Valley's claim that Southern Wine breached the implied covenant of good faith and fair dealing, as set forth in Instruction No. 17, we the jury find in favor of:

**ANSWER:** Mountain Valley

**INTERROGATORY 7:** Please state the amount that you find from the preponderance of the evidence should be awarded to Mountain Valley to reasonably and fairly compensate it for the damages which you find were proximately caused by the fault of Southern Wine.

**ANSWER:** $183,341.65

Based on the answers to interrogatories in the verdict, the Court finds that plaintiff is entitled to an award of $818,942.00 for damages caused by Mountain Valley's breach of contract and breach of the implied covenant of good faith and fair dealing, and an award of $42,333.35 for Mountain Valley's failure to pay on an account stated. The Court also finds that defendant is entitled to an award of $183,341.65 for damages caused by Southern Wine's breach of the implied covenant of good faith and fair dealing.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff have judgment against defendant in the sum of Eight Hundred Sixty-one Thousand, Two Hundred Seventy-five and 35/100 Dollars ($861,275.35), plus postjudgment interest and prejudgment interest as specified below. Pursuant to 28 U.S.C. § 1961, postjudgment interest is payable on all of the above sum, from the date this judgment is entered until the date this judgment is paid, at the rate of .27 %. Additionally, prejudgment interest is payable on the sum of $42,333.35 awarded to plaintiff for defendant's failure to pay on an accounted stated, from September 12, 2007 until the date this judgment is entered, at the rate of 8.0%.

IT IS ALSO ORDERED, ADJUDGED AND DECREED that defendant have judgment against plaintiff in the sum of One Hundred Eighty-three Thousand, Three Hundred Forty-one and 65/100 Dollars ($183,341.65), plus postjudgment interest. Pursuant to 28 U.S.C. § 1961, postjudgment interest is payable on all of the above sum, from the date this judgment is entered until the date this judgment is paid, at the rate of .27%.

IT IS SO ORDERED, this 2nd day of December, 2009.

    /s/   Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE