IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SOUTHERN WINE AND SPIRITS OF
NEVADA, a Division of Southern Wine
and Spirits of America, Inc.                                    PLAINTIFF

          v.              Civil No. 08-6100

MOUNTAIN VALLEY SPRING COMPANY                                  DEFENDANT

O R D E R

Now on this 30th day of June, 2010, comes on for consideration **Southern Wine's Renewed Motion for Judgment as a Matter of Law** (document #239), and from said motion, and the response and reply thereto, the Court finds and orders as follows:

1.    The plaintiff, Southern Wine and Spirits of Nevada, A Division of Southern Wine and Spirits of America, Inc. (hereinafter "Southern Wine"), brought this action against the defendant, Mountain Valley Spring Company, LLC (hereinafter "Mountain Valley"), on November 8, 2007.

The crux of this lawsuit involves a Distributor Agreement (hereinafter the "Agreement") which was executed by the parties on March 12, 1993.  Pursuant to the Agreement, Southern Wine was assigned the exclusive right to sell, distribute, and promote Mountain Valley's drinking water in a seventeen-county region around Las Vegas.

The case was tried to a jury, and a verdict returned in favor of Southern Wine on certain claims asserted in its Complaint against Mountain Valley, and in favor of Mountain Valley on its

counterclaim against Southern Wine for breach of the implied covenant of good faith and fair dealing.

Southern Wine now moves the Court for judgment as a matter of law with respect to Mountain Valley's said claim for breach of the implied covenant of good faith and fair dealing.

Mountain Valley opposes the motion, which is now fully briefed and ripe for decision.

2.   Judgment as a matter of law is governed by F.R.C.P. 50, which provides that when a party has been "fully heard on an issue during a jury trial" and the Court finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," it may resolve the issue against that party.  Where a proper and timely motion is made and denied, it may be renewed after trial, and coupled with a motion for new trial.

The Court must "assume as proven all facts that the nonmoving party's evidence tended to show, give her the benefit of all reasonable inferences, and assume that all conflicts in the evidence were resolved in her favor.  Judgment as a matter of law is appropriate only if, considering the evidence in this manner, no reasonable jury could find for the non-moving party."  Kramer v. Logan County School District No. R-1, 157 F.3d 620, 624 (8th Cir. 1998) (internal citations and quotation marks omitted).

3.   Mountain Valley's Counterclaim against Southern Wine

-2-

alleged the following claims:

* breach of the implied covenant of good faith and fair dealing;

* tortious interference with actual and prospective business relationships;

* defamation; and

* fraud.

Southern Wine's Rule 50(a) motion for judgment as a matter of law was granted as to Mountain Valley's tortious interference, defamation, and fraud claims.

In its renewed motion, Southern Wine urges the Court to rule, as a matter of law, that Mountain Valley failed to present a sufficient evidentiary basis to link Mountain Valley's damages calculation to any particular conduct of Southern Wine with respect to Mountain Valley's remaining claim for breach of the implied covenant of good faith and fair dealing -- and to then set aside the jury's verdict on that claim. Mountain Valley opposes this motion -- claiming that the evidence presented to the jury was sufficient to support its verdict in Mountain Valley's favor on this claim.

4.   Due to the choice-of-law provision in the Distributor Agreement between the parties, Nevada law applies to Mountain Valley's claim for breach of the implied covenant of good faith

-3-

and fair dealing.   Under Nevada law, "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing."  Hilton Hotels Corp. V. Butch Lewis Productions, Inc., 808 P.2d 919, 922-923 (Nev. 1991).

Contract damages are recoverable for breach of the implied covenant of good faith and fair dealing.  Id.[1]   However, "[s]imilar to tort claims, causation is an essential element of a claim for breach of contract."  Clark County School Dist. V. Richardson Const., Inc., 168 P.3d 87, 96 (Nev. 2007).  Further, the amount of damages must be proven by the claimant -- and although need not be proven with mathematical certainty, "testimony on the amount may not be speculative."  Id.

5.   In the motion under consideration, Southern Wine argues Mountain Valley's proof of damages -- presented through the expert testimony of Barclay Griffiths -- was speculative and failed to show causation attributable to Southern Wine's actions that allegedly countervened the intention and spirit of the contract between the parties.

Mountain Valley counters that Griffiths' expert testimony

---

[1]Nevada law also recognizes a tort action based on a breach of the implied covenant of good faith and fair dealing.  A tortious breach of the implied covenant of good faith and fair dealing is not at issue here and requires "a special element of reliance or fiduciary duty."  Hilton Hotels, 808 P.2d at 923.

established damages for breach of contract -- the type of damages recoverable in instances of a breach of the covenant of good faith and fair dealing.

6.   The Court notes that Griffiths' damages testimony was presented to the jury at a time when all of Mountain Valley's claims (including tortious interference with actual and prospective business relationships; defamation; fraud; AND breach of the implied covenant of good faith and fair dealing) still survived and before all but the breach of the implied covenant of good faith and fair dealing claim were dismissed by the Court. Moreover, his testimony appears to have been given on the basis of an *assumption* that damages opined to by him were caused by Southern Wine's harmful conduct.

Although causation is a question for the trier of fact, a finding that it exists must be based on *evidence* -- not on a mere assumption or speculation. A review of Griffiths' testimony fails to disclose any evidence of facts which would establish a link between any conduct on the part of Southern Wine with  damages suffered by Mountain Valley specifically because of Southern Wine's alleged breach of the implied covenant of good faith and fair dealing.

Because Griffiths' testimony was essentially speculative and did not link Mountain Valley's losses to the conduct of Southern Wine with respect to the claim found in Mountain Valley's favor

(breach of the implied covenant of good faith and fair dealing), the Court is obliged to conclude "that a reasonable jury would not have a legally sufficient evidentiary basis to find" for Mountain Valley on its claim for breach of the implied covenant of good faith and fair dealing.   Accordingly, the Court finds that **Southern Wine's Renewed Motion for Judgment as a Matter of Law** (document #239) should be granted.

**IT IS, THEREFORE, ORDERED** Southern Wine's Renewed Motion for Judgment as a Matter of Law (document #239) is **granted**.

**IT IS FURTHER ORDERED** that the jury's finding on Mountain Valley's Counterclaim for breach of the implied covenant of good faith and fair dealing should be, and hereby is, **set aside and held for naught.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　**/s/ Jimm Larry Hendren**
　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**