UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| SOUTHERN WINE AND SPIRITS OF NEVADA, A DIVISION OF SOUTHERN WINE AND SPIRITS OF AMERICA, INC., <br> PLAINTIFF | § § § § § § § | |
| vs. | § § | CIVIL ACTION NO. 08-6100 |
| MOUNTAIN VALLEY SPRING COMPANY, LLC <br> DEFENDANT | § § § | |

## AMENDED JUDGMENT

On October 19, 2009, the captioned case came on for trial. The parties appeared personally and by and through their respective attorneys. A jury of twelve was selected, empanelled, and sworn according to the law to try the issues of fact in this case. The jury heard opening statements, testimony of witnesses, and closing arguments; was presented documentary evidence; and was instructed according to the law. The jury then retired to deliberate and on October 23, 2009, returned its Verdict in open court as follows:

**INTERROGATORY 1:** On Southern Wine's claim that Mountain Valley breached the contract, as set forth in Instruction No. 12, we the jury find in favor of:

**ANSWER:** Southern Wine.

**INTERROGATORY 2:** On Southern Wine's claim that Mountain Valley breached the implied covenant of good faith and fair dealing, as set forth in Instruction No. 15, we the jury find in favor of:

**ANSWER:** Southern Wine.

**INTERROGATORY 3:** Please state the amount that you find from the preponderance of the evidence should be awarded to Southern Wine to

reasonably and fairly compensate it for the damages which you find were proximately cased by the fault of Mountain Valley.

**ANSWER:**   $818,942.00.

**INTERROGATORY 4:**   On Southern Wine's claim that Mountain Valley failed to pay on an account stated, as set forth in Instruction No. 16, we the jury find in favor of:

**ANSWER:**   Southern Wine.

**INTERROGATORY 5:**   Please state the amount that you find from the preponderance of the evidence should be awarded to Southern Wine for its claim that Mountain Valley failed to pay on an account stated.

**ANSWER:**   $42,333.35.

**INTERROGATORY 6:**   On Mountain Valley's claim that Southern Wine breached the implied covenant of good faith and fair dealing, as set forth in Instruction No. 17, we the jury find in favor of:

**ANSWER:**   Mountain Valley

**INTERROGATORY 7:**   Please state the amount that you find from the preponderance of the evidence should be awarded to Mountain Valley to reasonably and fairly compensate it for the damages which you find were proximately caused by the fault of Southern Wine.

**ANSWER:**   $183,341.65

Based on the answers to interrogatories in the verdict, the Court ordered, adjudged and decreed that plaintiff have judgment against defendant in the sum of Eight Hundred Sixty-one Thousand, Two Hundred Seventy-five and 35/100 Dollars ($861,275.35), plus postjudgment interest, as well as prejudgment interest at the rate of 8.0% on the sum of Forty-two Thousand, Three Hundred Thirty-three and 35/100 Dollars ($42,333.35) awarded to plaintiff on its account stated claim.

The Court also ordered, adjudged and decreed that defendant have judgment against plaintiff in the sum of One Hundred Eighty-three Thousand, Three Hundred Forty-one and 65/100 Dollars ($183,341.65), plus postjudgment interest.

Following entry of Judgment on December 2, 2009, pursuant to Fed. R. Civ. P. 50 plaintiff renewed its motion for judgment as a matter of law with respect to defendant's claim for breach of the implied covenant of good faith and fair dealing.  On June 30, 2010, the Court granted plaintiff's motion and ordered that the jury's finding on defendant's counterclaim for breach of the implied covenant of good faith and fair dealing should be, and thereby was, set aside and held for naught.

Defendant timely appealed to the United States Court of Appeals for the Eighth Circuit, Case No. 10-2718.  On August 15, 2011, the appellate court issued a Mandate in accordance with its Opinion and Judgment entered July 19, 2011.  The appellate court reversed this Court's grant of judgment as a matter of law to plaintiff on defendant's claim for breach of the implied covenant of good faith and fair dealing and remanded the case for reinstatement of the jury's verdict and award on that claim.  The appellate court affirmed the other issues appealed by defendant.

Therefore, on the basis of the decision by the appellate court, the jury's verdict and award to defendant on its claim against plaintiff for breach of the implied covenant of good faith and fair dealing should be and hereby is reinstated.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff have judgment against defendant in the sum of Eight Hundred Sixty-one Thousand, Two Hundred Seventy-five and 35/100 Dollars ($861,275.35), plus postjudgment interest and prejudgment interest as specified below.  Pursuant to 28 U.S.C. § 1961, postjudgment interest is payable on all of the above sum, from December 2, 2009, the date the original judgment was entered, until the date this judgment is paid, at the rate of .27 %.  Additionally, prejudgment interest is payable on the sum of Forty-two Thousand, Three Hundred Thirty-three and 35/100 Dollars ($42,333.35)

awarded to plaintiff for defendant's failure to pay on an accounted stated, from September 12, 2007 until December 2, 2009, the date the original judgment was entered, at the rate of 8.0%.

IT IS ALSO ORDERED, ADJUDGED AND DECREED that defendant have judgment against plaintiff in the sum of One Hundred Eighty-three Thousand, Three Hundred Forty-one and 65/100 Dollars ($183,341.65), plus postjudgment interest.  Pursuant to 28 U.S.C. § 1961, postjudgment interest is payable on all of the above sum, from December 2, 2009, the date the original judgment was entered, until the date this judgment is paid, at the rate of .27%.

IT IS SO ORDERED, this 12th day of September, 2011.

/s/   Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE